UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


LINDA SAIYAD,                          No. 2:05-cv-2425-MCE-PAN

         Plaintiff,

    v.                                 <u>MEMORANDUM AND ORDER</u>

OLD MUTUAL FINANCIAL NETWORK,
FIDELITY AND GUARANTY LIFE
INSURANCE COMPANY, and DOES
ONE THROUGH THIRTY-FIVE,
inclusive,

         Defendants.

                        ----oo0oo----

    The present action concerns an allegedly improper denial of insurance benefits to Plaintiff Linda Saiyad ("Plaintiff") by Defendants Fidelity and Guaranty Life Insurance Company, Old Mutual Financial Network, and Does one through thirty-five (collectively, "Defendants").  Plaintiff brought suit in the Solano County Superior Court on September 28, 2005.  Defendants removed the action to the United States District Court pursuant to 28 U.S.C. § 1441.

///

///

1

1  Plaintiff has now filed a Motion to Remand on the grounds that
2  Defendants failed to demonstrate the requisite amount in
3  controversy necessary for diversity jurisdiction.  For the
4  reasons set forth below, Plaintiff's Motion for Remand is
5  granted.[1]

6
7                              **BACKGROUND**
8
9      Plaintiff purchased a disability insurance policy from
10 Defendant Fidelity and Guaranty Life Insurance Company on or
11 around February 25, 2003.  The policy was specifically marketed
12 to Plaintiff as a way to ensure Plaintiff's ability to pay her
13 mortgage in the event she became disabled and could not work.
14 The policy provided for a monthly disability payment of
15 $2,056.00, capped by a total maximum benefit of $30,000.00.
16     In the summer of 2003, Plaintiff began suffering from panic
17 attacks, anxiety and depression.  In August 2003, she was
18 diagnosed by her Primary Care Physician as suffering from acute
19 and severe depression.  The diagnosis was confirmed by several
20 other medical professionals.  Plaintiff's depression left her
21 unable to work, and Plaintiff went on disability leave on or
22 around August 30, 2003.  Plaintiff remained on disability leave
23 for approximately ten months.  She finally returned to her job as
24 an administrative assistant on July 1, 2004.
25 ///
26

27      [1]Because oral argument will not be of material assistance,
   the Court orders this matter submitted on the briefs.  E.D. Cal.
28 Local Rule 78-230(h).

                                2

1    Plaintiff's inability to work and resultant loss of income
2  prompted her to file a claim with Defendants to obtain benefits
3  for the ten month period during which she was on leave.
4  Defendants initially denied Plaintiff's claim, finding that
5  Plaintiff's depression was not severe enough to prevent her from
6  working.  Defendants later changed their position and paid
7  Plaintiff benefits for three of the ten months that Plaintiff
8  claimed she was disabled.

9    According to Plaintiff, Defendants' decision to pay only a
10  fraction of her claim stemmed from a determination by Defendants
11  that Plaintiff's disability began on or around February 28, 2005,
12  nearly six months after her initial diagnosis.  Plaintiff alleges
13  that Defendants' determination was made without any factual
14  support and in contravention of the terms of her policy.

15    Plaintiff additionally alleges that Defendants acted in bad
16  faith.  Plaintiff claims that, as a direct result of Defendants'
17  actions, she was unable to keep up with her mortgage payments,
18  causing her mortgage to fall into default.  When Plaintiff's
19  attempts to catch up on her loan payments proved unsuccessful,
20  she was forced to sell her home to avoid foreclosure.

21    In the instant action, Plaintiff alleges breach of contract,
22  breach of the covenant of good faith and fair dealing and
23  violation of fiduciary duties, intentional infliction of
24  emotional distress, negligent infliction of emotional distress,
25  and negligence.  Plaintiff seeks damages for the insurance
26  benefits she claims are due and owing and for other costs
27  associated with selling her home.
28  ///

3

1  Plaintiff's claimed damages with respect to the sale of her home
2  include moving expenses, penalties and interest due the lender,
3  and loss of appreciation.  Plaintiff additionally seeks emotional
4  distress damages, punitive damages, prejudgement interest, and
5  attorney's fees.

6      Plaintiff made at least one attempt to settle this dispute
7  prior to trial.  On February 17, 2005, Plaintiff sent a demand
8  letter to Defendants offering to settle the matter for
9  $32,000.00.  The amount proposed included $14,392.00 for the
10 seven months of unpaid benefits Plaintiff claims she is due, and
11 $8,280.00 for moving costs.  The balance represents interest and
12 the cost of attorney's fees.  Defendants rejected the offer.  It
13 is unclear whether further negotiations have taken place.

14
15                          **STANDARD**
16

17     A defendant may remove any civil action from state court to
18 federal district court if the district court has original
19 jurisdiction over the matter.  28 U.S.C. § 1441(a).  Generally,
20 district courts have original jurisdiction over civil actions in
21 two instances: (1) where there is complete diversity between the
22 parties, or (2) where a federal question is presented in an
23 action arising under the Constitution, federal law, or treaty.
24 28 U.S.C. §§ 1331 and 1332.

25     The removing party bears the burden of establishing federal
26 jurisdiction.  Ethridge v. Harbor House Rest., 861 F.2d 1389,
27 1393 (9th Cir. 1988).  Furthermore, courts construe the removal
28 statute strictly against removal.

                               4

1   Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941);

2   Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations

3   omitted).  If there is any doubt as to the right of removal in

4   the first instance, remand must be granted.  See Gaus, 980 F.2d

5   at 566.  Therefore, if it appears before final judgment that a

6   district court lacks subject matter jurisdiction, the case shall

7   be remanded to state court.  28 U.S.C. § 1447(c).

8        Where jurisdiction is founded on diversity, 28 U.S.C. § 1332

9   requires that the amount in controversy exceed $75,000.00.

10  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090

11  (9th Cir. 2003).  In removal cases, if the state court complaint

12  does not specify the amount of damages being sought, the

13  defendant bears the burden of demonstrating, by a preponderance

14  of the evidence, that the amount in controversy requirement is

15  satisfied.  Gaus, 980 F.2d at 567; Singer v. State Farm Mut.

16  Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).  The district

17  court has broad discretion in determining whether the defendant

18  has made the requisite showing.  See Liberty Mut. Ins. Co. v.

19  Ward Trucking Corp., 48 F.3d 742, 749-750 (3rd Cir. 1995); Rubel

20  v. Pfizer, Inc., 361 F.3d 1016, 1019-1020 (7th Cir. 2004).

21       If the district court determines that removal was improper,

22  then the court may also award the plaintiff costs and attorney

23  fees accrued in response to the defendant's removal.  28 U.S.C. §

24  1447(c).  The court has broad discretion to award costs and fees

25  whenever it finds that removal was wrong as a matter of law.

26  Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106

27  n.6 (9th Cir. 2000).

28  ///

1

**ANALYSIS**

2

3      When federal jurisdiction is sought on the basis of

4  diversity, jurisdiction will lie if the matter in controversy

5  exceeds the sum or value of $75,000.00, and is between citizens

6  of different states.   See 28 U.S.C. § 1332(a)(1).   The Parties

7  concede that this matter is between citizens of different states.

8  The salient issue raised by this motion, therefore, is whether

9  Defendants have satisfactorily demonstrated that the value of the

10 matter in controversy exceeds $75,000.00.

11      In cases such as this one, where a plaintiff's state court

12 complaint does not specify a particular amount of damages, the

13 removing defendant bears the burden of establishing, by a

14 preponderance of the evidence, that the amount in controversy

15 exceeds $75,000.00.   See Sanchez v. Monumental Life Ins. Co., 102

16 F.3d 398, 404 (9th Cir. 1996).   Under this burden, the defendant

17 must provide evidence establishing a likelihood that the amount

18 in controversy exceeds the jurisdictional minimum.   Id. (internal

19 citations and quotations omitted.)   Defendants may rely upon

20 facts presented in the removal petition as well as any summary

21 judgment type evidence relevant to the amount in controversy at

22 the time of removal.   See Matheson, 319 F.3d at 1090-1091.

23      Here, Plaintiff's Complaint makes claims for actual

24 pecuniary losses, emotional distress and punitive damages,

25 attorney's fees,[2] and pre-judgment interest.[3]

26

27      [2] Attorney's fees may be included in the amount in
   controversy if they are recoverable pursuant to statute or
28                                         (continued...)

Plaintiff's alleged pecuniary losses include insurance benefits she claims were wrongfully withheld as well as various other costs associated with the sale of her home.  With respect to the sale of her home, Plaintiff specifically seeks moving expenses, loss of appreciation, and penalties and interest due the lender.

After reviewing the evidence, the Court finds that Plaintiff's claims for realized pecuniary loss fall well below the jurisdictional minimum for federal diversity jurisdiction. Plaintiff's insurance policy provides for a total maximum benefit of $30,000.00, of which Plaintiff claims only $14,392.00 for the seven months in which benefits were denied.  Even if the Court were to assume that Plaintiff incurred significant moving expenses and severe penalties and interest for her late mortgage payments, the amount in controversy would still come nowhere near the $75,000.00 threshold.

Likewise, Plaintiff's claim for loss of appreciation is too uncertain and speculative to sway the Court from its belief that Plaintiff's claims, when viewed in the aggregate, simply does not add up to $75,000.00.  The Court finds particularly significant Plaintiff's counsel's February 17, 2005, letter to Defendants in which Plaintiff offered to settle all of her claims for $32,000.00.  Settlement offers provide strong evidence of a party's assessment of the value of their case.

///

---

[2](...continued)
contract.  Neither circumstance is applicable in this case.

[3]Pre-judgment interest is not taken into account in calculating the amount in controversy.  18 U.S.C. § 1332.

See <u>Chase v. Shop 'N Save Warehouse Foods, Inc.</u>, 110 F.3d 424, 428-430 (7th Cir. 1997).  Offers of settlement are particularly relevant in removal cases to determine the amount in controversy.  See <u>Cohn v. Petsmart, Inc.</u>, 281 F.3d 837, 840 (9th Cir. 2002) (holding that "a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim").  Here, Plaintiff was willing to settle all of her claims for $32,000.00.  If the amount in controversy truly exceeds $75,000.00, as Defendants contend, it is extremely doubtful that Plaintiff would offer to settle the case for less than one half of that amount.

Defendants next contend that Plaintiff's claims for punitive and emotional distress damages, when combined with Plaintiff's other claims, make it "facially apparent" from the Complaint that the amount in controversy requirement is satisfied.  Punitive damages may be considered in determining the amount in controversy if they are recoverable as a matter of state law.  <u>Anthony v. Security Pac. Fin. Serv.s, Inc.</u>, 75 F.3d 311, 315 (7th Cir. 1997).  California law allows for the recovery of punitive damages in bad faith actions if there is clear and convincing evidence that the defendant is guilty of oppression, fraud, or malice.  Cal. Civ. Code § 3294(a); <u>Campbell v. Cal-Guard Surety Services, Inc.</u>, 62 Cal.App.4th 563, 570 (1998).  Emotional distress damages may also be considered when calculating the amount in controversy.  <u>Simmons v. PCR Technology</u>, 209 F.Supp.2d 1029 (N.D. Cal. 2002).

///

///

1    The Court has significant discretion in removal cases when
2  considering a motion to remand.  Even assuming that emotional
3  distress and punitive damages are appropriate in the instant
4  case, the Court will not speculate as to what would constitute a
5  reasonable estimate of those damages.  Defendants have submitted
6  jury awards from several other insurance-related cases
7  highlighting the potential for high emotional distress and
8  punitive damage awards in the insurance context.  Defendants
9  contend that these large awards provide sufficient evidence that
10  the amount in controversy in the present dispute exceeds
11  $75,000.00.

12    While acknowledging the potential for large punitive damage
13  and emotional distress awards in insurance cases, the Court does
14  not believe that the cases submitted by Defendants provide a
15  reliable guidepost.  Although Defendants successfully identify
16  several insurance-specific cases involving large damage awards,
17  the Court can point to numerous other cases where the emotional
18  distress and punitive damage awards pale in comparison.  See,
19  e.g., Berglund v. State Farm Mut. Auto. Ins. Co., 121 F.3d 1225,
20  1226-1227 (8th Cir. 1997) (upholding a jury's award of
21  $515,831.42 in compensatory damages and $15,000.00 in punitive
22  damages in a bad faith action against the insurer by the
23  insured); Burger v. Time Ins. Co., Inc., 992 F.2d 873 (8th Cir.
24  1993)(noting state court jury's award of $50,000.00 in
25  compensatory damages and $1.00 in punitive damages in bad faith
26  action against insurer by insured).
27  ///
28  ///

1    In addition, the present dispute involves facts entirely

2  different from the facts upon which Defendants' proffered jury

3  awards were predicated.  Most importantly, however, the cases

4  upon which Defendants rely appear to involve conduct

5  substantially more egregious than the conduct alleged in the

6  instant matter.  Consequently, the Court finds that Plaintiff's

7  claims for emotional distress and punitive damages do not satisfy

8  the amount in controversy requirement, nor do they push the

9  amount in controversy over the $75,000.00 limit when combined

10  with Plaintiff's other causes of action.

11    In order to avoid remand, Defendants have the burden of

12  demonstrating, by a preponderance of the evidence, that the

13  present dispute involves claims exceeding $75,000.00.  Defendants

14  have not met this burden.

15

16                          **CONCLUSION**

17

18    Given the strong presumption against removal and Defendant's

19  failure to demonstrate the requisite amount in controversy, the

20  Court must remand this case to the state court.  Accordingly,

21  Plaintiff's Motion to Remand is GRANTED.  Plaintiff shall bear

22  her own costs in seeking remand of this action.

23    IT IS SO ORDERED.

24  DATE: March 8, 2006

25

26

27

28

                              10

1

2

3

_____

4       MORRISON C. ENGLAND, JR

         UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28